UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert James Gadsen, | ) | C/A No. 2:11-3190-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| John R. Owen, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Robert James Gadsen, is a federal inmate housed at the Federal

Correctional Institution (FCI) in Salters, South Carolina.  He brings this action under 28

U.S.C. § 2241 challenging the Bureau of Prison's calculation of his jail credits for time spent

in state custody.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

Recommendation and opines that respondent's motion for summary judgment[2] should be

granted.  The Report sets forth in detail the relevant facts and standards of law on this matter,

and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

In this action, petitioner appears to argue that because was placed in "closed custody confinement" for his 10-year state sentence (which was ultimately overturned), he was not able to work and earn good time credit towards his federal sentence. The respondent contends that it has properly awarded petitioner credit for his prior custody. This court agrees with the Magistrate Judge's opinion that petitioner's inability to earn credits does not implicate a liberty interest that arises directly under the Constitution.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 2, 2012. However, the petitioner failed to file objections and the time within which to do so has expired. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law.

Accordingly, the respondent's motion for summary judgment (ECF No. 13) is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

July 26, 2012                                Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge

2